IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES WALTER BONHAM | § | |
| | § | |
| V. | § | A-09-CA-541 JRN |
| | § | |
| CLERK OF THE SUPREME COURT | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 4-3). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. ANALYSIS**

Plaintiff James Walter Bonham ("Plaintiff")—who resides in Danville, Pennsylvania—originally filed this In Forma Pauperis Motion in the United States District Court for the District of Columbia. Because Defendant the Clerk of the Supreme Court of Texas did not reside within its district, on June 17, 2009, the United States District Court for the District of Columbia transferred the case to this district pursuant to 28 U.S.C. § 1406(a). See Transfer Order in 09-CV-1106.

After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status. Because Plaintiff

has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2).

Section 1915(e)(2)(B) requires a district court to dismiss an *in forma pauperis* suit if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). When reviewing a pro se's plaintiff's complaint, the court must construe the plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff's Complaint under 42 U.S.C. § 1983 alleges that the Clerk of the Supreme Court of Texas violated his constitutional right to due process by failing to respond to his letter inquiry about court records regarding his alleged custody in a "Dallas county facility." Plaintiff, who alleges that he is currently being "held hostage at Danville State Hospital," alleges that after he was released from Alabama custody and discovered that his father was in the mafia, he asked the Dallas police to place him in protective custody "from the mafia influences of my father." Complaint at p.2. Plaintiff contends that he "spent the next several months in custody without the service of an arrest warrant" or "criminal complaint." *Id.* Plaintiff alleges that he then wrote a letter to the Clerk of the

Supreme Court of Texas to ask whether the State of Texas had a record of an arrest warrant or court summons but that "[t]wo months have [passed] and the respondent has not answered my due process request!" *Id.* Plaintiff asserts that the Clerk of the Court failed to "act judicially" and violated his constitutional rights to due process by not responding to his letter.

Plaintiff has filed this lawsuit under 42 U.S.C. § 1983 which provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right "secured by the Constitution and laws." *Baker v. McCollan*, 443 U.S. 137, 140 (1979). In this case, Plaintiff has failed to allege a constitutional violation. Failing to respond to a letter inquiry does not rise to the level of a constitutional violation. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Based upon the Plaintiff's "fanciful, fantastic and delusional" allegations, Plaintiff's Complaint could also be dismissed for being "factually frivolous" since his allegations are "clearly baseless." *Hicks v. Garner*, 69 F3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992)). Based upon the foregoing, the undersigned recommends that the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court DISMISS James Walter Bonham's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of September, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE